COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
 2-06-205-CR

        2-06-206-CR

 

 

MARCUS WAYNE SPRINGER                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Marcus Wayne
Springer entered open pleas of guilty to indecency with a child in two cases
and pleaded Atrue@ to a repeat-offender enhancement allegation recited in both indictments.  The trial court convicted Appellant and
sentenced him to twenty-five years= confinement in the Institutional Division of the Texas Department of
Criminal Justice (TDCJ) for each offense, with the sentences to run
concurrently. 

In each case, Appellant=s court‑appointed appellate counsel has filed a motion to
withdraw as counsel and a brief in support of that motion.  In his brief, counsel has reviewed the
history of the case, including detailing the evidence presented.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.[3]  Although this court gave Appellant the
opportunity to file a pro se brief, he did not file one.








In our duties as a reviewing
court, we must conduct an independent evaluation of the record to determine
whether counsel is correct in determining that the appeal is frivolous.[4]  Only then may we grant counsel=s motion to withdraw.[5]  Because Appellant entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Appellant=s plea, error that is not independent of and supports the judgment of
guilt, and error occurring after entry of the guilty plea.[6]       We have carefully reviewed the record and
counsel=s brief.  We agree with counsel
that these appeals are wholly frivolous and without merit.  We find nothing in the record that might
arguably support the appeals.[7]

Consequently, we grant the
motion to withdraw in each case and affirm the trial court=s judgments. 

PER CURIAM

 

PANEL F:    GARDNER, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See
Mays v. State, 904 S.W.2d 920, 922‑23 (Tex. App.CFort
Worth 1995, no pet.).





[4]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 923.





[5]See
Penson v. Ohio, 488 U.S. 75, 83‑84, 109 S. Ct. 346, 351
(1988).





[6]See
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).





[7]See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).